Curia per

Johnson, Ch.
This bill was filed to settle the claims of the defendants, (the legatees,) under the will of complainant’s testator; and, in the progress of the cause, the complainant was ordered to account for his administration of of the estate. In stating the accounts, the Commissioner charged the claimant with the amount of sales, with interest upon it annually, and made up the annual balances by setting off the interest, in the first place, against the annual disbursements of the current year. The complainant excepted to the report, on several grounds, and amongst otheis, “for that the complainant having passed his accounts with the estate annually before the Ordinary, he is only chargeable with the final balance due on such accounts and with the interest on the annual balance. The Circuit Court referred the accounts back to the Commissioner, with directions as to this exception, that if, as it assumes, the complainant can exhibit a regular account of the interest received, to charge him with it at *144 the time it was received and carry it into the account current of the year. If not, that the account should be made up on the principle adopted in the report.
The defendants appeal from this order on the grounds:
1st. That there is no full and satisfactory return of interest; and, in the absence of this, the mode adopted by the Commissioner, is the proper and legal one.
2dly. Because the defendant can elect which mode he will adopt, and interest on annual balances has received the sanction of the Commissioner.
The whole of the testator’s personal, and I believe some, or dll of his real estate had been sold, and the complainant had taken bonds, or notes, from the purchasers, and in his annual returns to the Ordinary, he charged himself with the gross sum received, without distinguishing between what was received on account of principal and what on account of interest, so that it was impossible, without travelling through all the items and entering into minute calculation, to ascertain whether the interest account had been accurately stated; and this was rendered almost impracticable by the number and complexity of the accounts. This is the state oí things to which the complainant’s exception to the report of the Commissioner, and the grounds of this appeal refer, and but for the necessity of referring the accounts back to the Commissioner-, on other grounds, I should not have subjected the defendants to further delay; but would, in this respect, have confirmed the report. The uncertainty, too, whether a correct mode of stating the account, which the solicitor for complainant thought practicable, would not result favorably for the defendants, was another motive, and I felt less reluctance, because, at the same time,- a large proportion of what, under any circumstances, can remain due to the defendants, was decreed to be paid.
*145 Parties interested in an estate have the tight to know oí what it consisted, and how it has been used and disposed oh For this purpose, executors are required, by law, to make ah inventory of all goods, chattels, rights and credits of the deceased. If sales had been made, they are required to return an account thereof to the Ordinary; and, from year to year,to render to him an account of all their receipts and disbursements, which ought to exhibit the time when, the person to or from whom, and the account on which they were received of paid out, distinguishing between principal and interest; the correctness of which could be at once tested by a comparison with an inventory and account of sales. And the same particularity, for the same reasons, ought to be observed in account-' ing to this Court. The duties of one standing in the relation of executor or administrator, and the consequences of their neglect, are so clearly summed up in the well considered opinion of Mr. Justice Evans, in Dickson, administrator, vs. the heirs of Hunter, delivered in Columbia, at December term, 1836, that little remains to be said on the subject. “If” says he, “an administrator acts fairly — if he renders his accounts according to law, to the Ordinary, and exhibits by his returns a full and satisfactory account of his transactions of the trust, shewing when the funds were received and how they were disbursed,- and that they had not been suffered to remain in his hands’ unnecessarily and unproductive, he has done all that the law requires of him; but, if he has neglected to keep it, and is unable to render a full, fair and just account of his administration, he must be charged with interest on all the funds in his hands, including all that Were, or might, with ordinary diligence have been rendered productive.”
The account stated by the complainant falls very short of the particularity required by these principles, and although it may be possible to test their correctness by a reference to the' account of sales, yet, from my own observation, such is the’ *146 confusion in which they are involved, and their extent, that even a dexterous accountant who was a stranger to the circumstances, could not reduce them to order in a week, perhaps a month, and but for the reasons before stated, and the belief that it might subserve the purpose of justice, I should have sustained the Commissioner’s report.
The complainant’s exception to the Commissioner’s report, before stated, seems to have been founded on a supposition that the complainant’s returns to the Ordinary, were, in themselves, evidence on the reference before the Commissioner. They are prima facie evidence as to the receipts, for he can produce no other than that furnished by the inventory, the bill of sales, and the amount of monies received, which the opposite party would, of course, be entitled to surcharge and falsify; but, not so with regard to the disbursements; that is susceptible of other proof, and must be established and vouched according to the general rules of evidence.
The want of uniformity and frequent irregularity in the manner of stating and vouching accounts before the Commissioner, has suggested this, as a fit occasion to refer to some of the rules by which these matters are regulated.
According to the practice of the English courts, all parties accounting before the Master, are required to bring in their accounts in the form of debtor and creditor, accompanied by an affidavit containing a verification of the accuracy of the schedules in which are contained the details of the account; and, if any of the parties are dissatisfied with it, they may examine the accounting parties on interrogatories. If the party asking the account sets up a charge not admitted in the account, nor on the examination of the accounting party, he must substantiate it by evidence; when that is done, either by admissions or proof, the accounting party must dischárge himself by the production of receipts, or other competent evidence, (Smith’s Practice, 111, 2 — 3—4,) and proper attention *147 to these rules would relieve the Court from much embarrassment in the examination of the accounts taken before the Commissioner.
Glover for the motion; Patterson, contra.
The appeal must be dismissed; but, it may be proper to remark that, the order of the Circuit Court must be carried into effect, according to the principles before stated. If the complainant is able to exhibit a sworn account in such form as will enable the defendant readily to test its correctness by the inventory and account of sales, distinguishing between the sums received on account of principal and interest, then, and to that extent, the interest is to be set down to the account of the year in which it was received, and interest computed on the annual balance; if not, the accoun t must be made up on the principles adopted in the report. It may happen that the complainant may be able, in some instances, to state the account fully, and not in others; in that event, the rules laid down, must be applied to their appropriate classes of the items in the account — the first to those where the account is clearly and fully settled, and the last to such as are not made up in that manner.
Dunkin, Ck, concurred.